# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE L. SCHNECK, | ) | |
|     Plaintiff, | ) | Civil Action No. 15-1058 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell |
| | ) | |
| LAWRENCE D. BRUDY & | ) | |
| ASSOCIATES, INC., | ) | |
|     Defendant. | ) | |

## Memorandum Order

ROBERT C. MITCHELL, United States Magistrate Judge.

Presently pending is Plaintiff's Motion to Conditionally Certify Fair Labor Standards Class. [ECF No. 29]. For the reasons stated herein, the motion will be denied.

## I. Factual and Procedural History

On August 11, 2015, Plaintiff Julie L. Schneck filed the instant action in this Court under the Fair Labor Standards Act of 1938, as amended (FLSA), 29 U.S.C. § 201 et seq.(Count I), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.101 et seq. (Count II), Pennsylvania Wage Payment Collection Law (Count III) and unjust enrichment (Count IV), to recover damages for non-payment of overtime wages for Plaintiff and all others similarly situated. Defendant filed an Answer to the Complaint. [ECF No. 7]. Plaintiff alleged she was a paralegal/secretary for Defendant Brudy & Associates, Inc. ("Brudy"), a law firm. The proposed class was defined as: "All individuals who are current or former employees of Defendant who performed work for Defendant in excess of 40 hours per week and were not paid overtime." On October 15, 2015 Defendant filed an Answer. [ECF No. 7].

The parties have consented to jurisdiction by the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [ECF Nos. 12, 13].

1

On October 14, 2015 we entered an initial Rule 16.1 scheduling order directing the parties to meet and devise a plan for discovery and alternative dispute resolution. [ECF No. 8].

In their Stipulation selecting ADR Process and Stipulation Regarding Alternative Dispute Resolution and Proposed Order [ECF No 14], filed on November 11, 2015 "[t]he parties have agreed that, in order to preserve resources and in the interests of Judicial Economy, in lieu of Plaintiff filing his Motion to Proceed as a Collective Action and to Facilitate § 216(b) Notice, Defendant will stipulate to conditional certification of the class defined below." The stipulated collective class was agreed to be:

> All individuals who are current or former employees of Brudy who were paid a salary, excluding lawyers, including but not limited to Paralegals, Secretaries, Receptionists, and those in similarly titled positions who worked for Brudy from August 11, 2011 to the present.

[ECF No. 14 at 4].

The parties further agreed that the Defendant would disclose "A list of all current or former employees of Brudy who performed work for Brudy in the United States at any time between August 11, 2011 and the present, and **who were paid a salary**, excluding lawyers, including but not limited to Paralegals, Secretaries, Receptionists, and those in similarly titled positions ("Class Members"), including information showing the number of such employees employed by Brudy during the Class Period." Pursuant to the Stipulation Brudy provided Schneck with a list of 20 current and former employees who performed work for Brudy at any time between August 11, 2011 and were paid a salary, excluding lawyers, including but not limited to paralegals, secretaries, receptionists and those with similarly titled positions. The notice included the last known address, phone number, if known and email addresses, if known. The parties also agreed in the stipulation that:

> 10. To facilitate notice to the Class, the parties agree to the following terms:

    a. The parties have attached an agreed Notice and Opt-In Consent Form for approval by the Court, as Exhibits A and B.

    b. Within five (5) business days for the date of the Court's order approving this stipulation, Defendant shall deliver to Plaintiff's Counsel a list of the names, job titles, last known mailing addresses and telephone numbers, a last known email address, dates of employment, and location of employment.

    c. Within five (5) business days from the date of delivery by Defendant of the Class list to the Plaintiff's counsel, Plaintiff's counsel shall cause to be mailed, at their expense, the approved Notice and Opt-In Consent form to the Class and shall include a self-addressed, stamped envelope.

    d. Plaintiff's counsel will provide notice to Defendant that the Notice and Opt-In Consent Forms have been mailed.

    e. Within forty-five (45) days from the date of mailing of the Notice and Opt-In Consent Form, Plaintiff's counsel shall cause to be mailed, at their expense, a reminder notice to Class members who have not yet opted in that shall include the Notice and Opt-In Consent Form.

    f. Any member of the Class shall have ninety (90) days from the initial date of the mailing of the Notice and Opt-In Form to return a copy of the Opt-In Consent Form to Plaintiff's counsel for filing. Opt-In Consents will be deemed to be filed on the day they are stamped as received by Plaintiff's counsel. All Opt-In Consents that are received by mail must be postmarked within ninety (90) days from the date of mailing.

11. By December 31, 2015, the parties shall file a joint report apprising the Court as to the status of their settlement discussions and outcome of their mediation, and if a settlement in principal has been reached, a schedule for the presentation of the settlement to the Court for its approval.

The parties requested we grant this stipulation as an order. We have not yet done so. At some point, the Notice of Collective Action appears to have been sent to the individuals identified by Defendant Brudy. However, at the case management conference on November 18, 2015, the parties informed the court that a disagreement had arisen as to changes Plaintiff hoped to make to the provisional class definition. We requested that they meet and confer in an effort to agree on those terms, and thereafter scheduled a status conference for January 14, 2016. [ECF

No. 18].

In the interim, the Court received four Consents to Opt in: Julie L. Schneck [ECF No. 22], class member Anjelica Derian [ECF No. 23], class member Deborah Barger [ECF No. 24], and class member Sharon Lare [ECF No. 25].

On December 8, 2015, Plaintiff filed her Amended Complaint, after having been granted leave of court to do so. On December 22, 2015, Defendant filed an Answer to the Amended Complaint. [ECF No. 26].

On January 14, 2016 the Court held a status conference at which time the parties notified the court of the continued disparate views on the appropriate provisional class definition in this matter. We ordered briefs on the issue and scheduled a hearing for March 9, 2016. On January 15, 2016 Plaintiff filed the pending Motion to Certify Class with Brief in Support [ECF No. 29, 33], to which Defendant responded. [ECF Nos. 34, 35]. Plaintiff thereafter filed a reply. [ECF No. 36].

On March 9, 2016, the Court conducted a hearing on the record at which time the parties were represented by counsel. No testimony was offered and the hearing was limited to argument of counsel. Earlier that same day, a fifth Consent to Opt In was received by Stefanie L. Kelley [ECF No. 38].

Plaintiff's most recent request varies from the stipulated class definition which had previously been noticed and sent to potential class members. Plaintiff now seeks conditional class certification for the purposes of notice to potential opt-in plaintiffs and for pretrial discovery regarding their individual claims as to:

> All current or former employees and independent contractors of Brudy who performed work for Brudy in the United States at any time between August 11, 2011 and the present, and ***who were paid in any manner, including but not limited to, a salary, hourly or flat rate, excluding lawyers***, including but not

limited to Paralegals, Secretaries, Receptionists, and those in similarly titled positions.

[ECF No. 29] (emphasis added). Attached to the motion is a copy of the Amended Complaint, proposed notice of lawsuit, proposed consent to opt in, and an proposed order approving said notice.

## II. Conditional Certification Standard

The FLSA mandates employers to pay employees at least the minimum wage for all hours worked and for overtime at a rate not less than one and one-half times the employee's regular rate. 29 U.S.C. § 207(a)(1). Schneck has petitioned to proceed collectively against Brudy for unpaid compensation under 29 U.S.C. § 216(b) which governs class actions under the FLSA. In relevant part, this section authorizes collective actions against employers:

> by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b); *Sperling v. Hoffman La–Roche, Inc.,* 862 F.2d 439, 444 (3d Cir.1988) (two requirements for § 216(b) class action are that employees are similarly situated and each class member file individual consent). Despite this straightforward authorization, FLSA fails to define the term "similarly situated." As a result, courts within the Third Circuit follow a two-step process to determine whether a FLSA plaintiff may proceed with a collective action, or instead must pursue their claim individually. *Camesi v. Univ. of Pittsburgh Med. Ctr.,* 729 F.3d 239, 242–43 (3d Cir. 2013); *Zavala v. Wal–Mart Stores, Inc.,* 691 F.3d 527, 535–37 (3d Cir. 2012).

The first step analysis begins when a plaintiff moves for conditional certification of a collective action. *Zanes v. Flagship Resort Dev., LLC,* 2010 WL 4687814, at *2 (D. N.J. Nov. 9, 2010). This step generally "occurs early in the litigation when the court has minimal evidence."

5

*Adami v. Cardo Windows, Inc.,* 299 F.R.D. 68, 78, 2014 WL 320048, at *7 (D. N.J.2014). The conditional certification process, despite sometimes borrowing the language of class action certification from Federal Rule of Civil Procedure 23, is not really a certification but instead is a "district court's exercise of [its] discretionary power ... to facilitate the sending of notice to potential class members." *Symczyk v. Genesis Healthcare Corp.,* 656 F.3d 189, 194 (3d Cir. 2011) (citation omitted), *rev'd on other grounds sub nom. Genesis Healthcare Corp. v. Symczyk*, ––U.S. ––––, ––––, 133 S.Ct. 1523, 1526, 185 L.Ed.2d 636 (2013).

When considering the first step of conditional certification, courts apply a "fairly lenient standard" to determine whether the plaintiff has met the "modest factual showing" necessary for certification. *Zavala,* 691 F.3d at 536 n. 4. Under this standard, a plaintiff "must produce some evidence beyond pure speculation of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* (internal quotation marks omitted) (quoting *Symczyk*, 656 F.3d at 193). This generally requires review of both the pleadings and affidavits in support of or in opposition to the proposed collective action. *Adami*, 299 F.R.D. at 78, 2014 WL 320048, at *7 (citing *Herring v. Hewitt Assoc., Inc.*, 2007 WL 2121693, at *4 (D.N.J. July 24, 2007)). A showing that opt-in plaintiffs bring the same claims and seek the same form of relief has been considered sufficient for conditional certification. *Adami,* 299 F.R.D. at 79, 2014 WL 320048, at *8.

Following conditional certification, a FLSA collective action proceeds to discovery. At or near the conclusion of discovery, a court (upon motion by either the plaintiff for final certification or by the defendant for decertification) proceeds to the final step for certification. *Symczyk*, 656 F.3d at 193. "It is possible for a class to be certified at stage one but fail certification at stage two." *Zanes,* 2010 WL 4687814, at *2; *see also Ruehl v. Viacom, Inc.,* 500

F.3d 375, 388 n. 17 (3d Cir. 2007) ("At the [second step], after potential class members have filed their consents to opt in and after there has been further discovery to support the plaintiffs' allegations, a district court may revoke conditional certification if the proposed class does not meet FLSA's 'similarly situated' requirement.").

The final certification step requires a plaintiff to establish, by a preponderance of the evidence, that the plaintiff and opt-in plaintiffs are "similarly situated." *Zavala,* 691 F.3d at 536.

## III. Discussion

In the pending matter, Plaintiff seeks conditional certification under the first-step analysis. To demonstrate that the opt-in Plaintiffs are similarly situated, Schneck provides their affidavits, in addition to her own. Defendant objects to the proposed provisional class certification on the grounds that plaintiff – herself a salaried employee -- has not provided any factual basis that she is similarly situated to any members of the putative FLSA class (employees paid on an hour basis, independent contractors, or employees who were paid in any manner whatsoever). Defendant also argues that claims of individuals asserting FLSA claims arising out of employment prior to August 11, 2012 are barred by the applicable statutes of limitation. Defendant argues that Schneck is not an appropriate representative plaintiff for purposes of this litigation because Schneck is currently the defendant in an action brought against her by Brudy in the Court of Common Pleas of Allegheny County at No. GD15-000755. In that action it is alleged that on January 5, 2015 Brudy's website was hacked into in violation of the Computer Fraud Abuse Act, 18 U.S.C., §§1030, *et. seq.* Schneck filed an Answer to the Complaint in the state court action denying hacking into the Brudy website, and filed a Motion to Stay the state court action on the basis that if she were forced to testify by deposition or respond to other discovery that she might incriminate herself as it relates to any possible criminal action or she

7

will be forced to invoke her Fifth Amendment right. By an order of February 12, 2016, Schneck's Motion for Stay of the state court action was denied. Defendant argues that based on Schneck's potential criminal or civil liability to Brudy in the state court action, it is clear that there are matters that demonstrate that Schneck is not similarly situated as the members of the putative class.

In response, Plaintiff's counsel herein indicated at the March 9, 2015 hearing that she would not anticipate invoking her right not to incriminate herself under the Fifth Amendment in this case, as Schneck would be available to answer questions concerning her wages and hours worked, a separate issue from any liability or penalty she may face in the state court proceedings. We therefore overrule Defendant's objection on that ground.

Furthermore, as to timeliness we note that Derian's Opt-In Consent Form indicates that she worked for Brudy from July 2011 through February 2012. Brudy's payroll records, which have been produced in discovery, also confirm that Derian's dates of employment were from July 2011 through February 2012. Exhibit "2". Therefore, as Derian was last employed approximately seven months prior to August 11, 2012, any claims by Derian under the FLSA, the PMWA or the WPCL are barred by the statute of limitations. At the hearing March 9, 2016, counsel admitted on the record that Derian's pursuant to those statutes claims are barred by the statute of limitations.

The Consent to Opt-In form filed by Sharon Lare states that she was employed by Brudy from August 2011 to March 16, 2012. Exhibit "3". Brudy denies that Lare was ever employed but was, in fact, a title abstractor with her own company in New York that provided title abstracting services to Brudy as well as other law firms or companies in Pennsylvania and other states. Regardless, it is clear that Lare's stated dates of "employment" are beyond the

statute of limitations and, therefore, any claims by Sharon Lare under the FLSA, the PMWA or the WPCL are barred by the statute of limitations. At the hearing March 9, 2016, counsel admitted on the record that Lare's claims under these statutes are barred by the statute of limitations.

This leaves two additional opt-in plaintiffs filed thus far.  The Consent to Opt-In filed on behalf of Deborah Barger, who was identified as a salaried employee as part of Brudy's Rule 26 Disclosure, states that she was employed from March 2013 to February 2014.  Opt-in plaintiff Stefanie L. Kelly avers that she was employed beginning in January, 2012 through March of 2013.  At the hearing it was agreed that Kelly was a salaried employee, as was Schneck.

In support of her "modest factual showing" as to a factual nexus between the manner in which Brudy's alleged policy affected her and the manner in which it affected other employees, Schneck has attached as Exhibit "B" to her Brief, a letter or statement dated November 24, 2015 in support of her contention that, although she was paid a salary, she was, in fact, an hourly employee. Schneck then refers an alleged conversation of February 9, 2012 in which Brudy allegedly "threatened to cut my salary in half" if she chose to remove weekends from her business days. Based on this information Schneck alleges that she is "similarly situated" to the members of the putative class which includes employees that were paid on an hourly basis, independent contractors, or employees who were paid in any manner whatsoever.  We disagree. She has not offered any evidence that the proposed opt-in plaintiffs bring the same claims and seek the same form of relief herein. The "modest factual showing" that the proposed recipients of opt-in notices are similarly situated to the named plaintiff is a lenient standard but requires some evidence beyond mere speculation that the defendant's policy affected other employees. *Wright v. Lehigh Valley Hospital,* 2010 WL 3363992 (E.D. Pa. 2010), *citing  Anyere v. Wells Fargo Co.*,

Civ. A. No. 09-2769, 2010 WL 1542180, at *2 (N.D. Ill. Apr.12, 2010) ("A 'modest factual showing' ... cannot be founded solely on allegations in the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents." (quoting *Molina v. First Line Solutions LLC*, 566 F.Supp.2d 770, 786 (N.D.Ill.2007)); *Burkhart-Deal v. Citifinancial, Inc.,* 2010 WL 457127, at *1 (W.D. Pa. 2010) (quoting *Kuznyetsov v. West Penn Allegheny Health System, Inc.*, 2009 WL 1515175, at *2 (W.D. Pa. 2009); *Bishop v. AT & T Corp.*, 256 F.R.D. 503, 507 (W.D. Pa.2009).

Plaintiff has provided little or no evidence to show the existence of other similarly situated employees beyond those who were or are salaried. The declarants do not purport to have any knowledge about the duties or method of paying any other category of Brudy employees. The alleged application of a uniform policy does not, without more, show that potential class members are similarly situated. *Asirifi v. West Hudson Sub-Acute Care Center, LLC,* 2014 WL 294886 (D. N.J. 2014). The original stipulated collective action class [ECF No. 14 at 4] shall remain as conditionally certified as noticed:

All individuals who are current or former employees of Brudy who were paid a salary, excluding lawyers, including but not limited to Paralegals, Secretaries, Receptionists, and those in similarly titled positions who worked for Brudy from August 11, 2011 to the present.

We assume that this conditional class definition is the one which has already been sent to the potential opt-in plaintiffs as was agreed to by the parties in their stipulation, and that the any stipulation or notice requiring Court approval will be forthcoming.

**O R D E R**

AND NOW, to-wit, this 10th day of March, 2016, it is hereby ORDERED that Motion for Conditional Class Certification [ECF No. 29] is DENIED.

IT IS FURTHER ORDERED THAT this case shall proceed as a conditional FLSA collective action as more fully stated herein.

s/Robert C. Mitchell  
ROBERT C. MITCHELL  
United States Magistrate Judge

cc: record counsel