IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE L. SCHNECK, | ) | |
|     Plaintiff, | ) | Civil Action No. 15-1058 |
| | ) | |
| v. | ) | |
| | ) | |
| LAWRENCE D. BRUDY & | ) | |
| ASSOCIATES, INC., | ) | |
|     Defendant. | ) | |

## MEMORANDUM ORDER

Presently pending is Plaintiff's Motion for Court Approval to Send Formal Notification to Potential Class Members [ECF No. 42]. For the reasons stated herein, the Motion is GRANTED.

On March 10, 2016, after a hearing, we entered an order setting forth the following:

The original stipulated collective action class [ECF No. 14 at 4] shall remain as conditionally certified as noticed:

> All individuals who are current or former employees of Brudy who were paid a salary, excluding lawyers, including but not limited to Paralegals, Secretaries, Receptionists, and those in similarly titled positions who worked for Brudy from August 11, 2011 to the present.

[ECF No. 41 at 10]. Defendant has filed an Answer to the Motion for Court Approval, in which Defendant objects to the Notice on numerous grounds. [ECF No. 44]. Plaintiff has filed a Reply. [ECF No. 47].

Defendant's central objection is that the notice is untimely, arguing if the stipulated notice is sent now, putative class members would have the right to opt-in within ninety days, which places potential opt-in consents being filed after the close of discovery. This objection is well-founded, and accordingly, discovery in this matter is extended to September 30, 2016.

Defendant further objects to the timing of the proposed notice because the original

1

stipulated notice should have been sent as agreed to in the Stipulation, within five days of plaintiffs' counsel's receipt of the potential class list, despite plaintiffs' attempt to expand the class definition, "and if the class were expanded at a later point, additional notices could have been sent to any new putative class members." [ECF No. 44 at 2]. "Plaintiff is now seeking a second opportunity to solicit potential class members long after the agreed upon time to send the stipulated notice. The Stipulation also agreed to toll the statute of limitations for all potential plaintiffs from the date of the stipulation until the end of the opt-in period as agreed upon." [ECF No. 44 at 3]. Plaintiff aptly notes that Defendant was aware of the delay in sending the notice. We find at this juncture, the notices should be sent forthwith, as proposed by the plaintiff, and any consideration of equitable tolling may be addressed at such a time as the Court determines is just and reasonable under the circumstances.

Finally, Defendant argues that the notice is defective "because, as acknowledged by Plaintiff at the hearing on March 9, 2016, there is a typographical error in the notice which describes the class period as beginning August 11, 2011, when it should be August 11, 2012." Plaintiff does not respond to this argument. The Court assumes the August 11, 2011 date[1] will be corrected in the Notice.

AND NOW, to-wit, this 25th day of April 2016, it is hereby ORDERED that the Motion for Court Approval to Send Formal Notification to Potential Class Members [ECF No. 42] is GRANTED and the Notice with corrected date shall be mailed in accordance with the terms of the original Stipulation. [ECF No. 14 at ¶ 10 (c)-f)].

---

[1] As originally drafted at the inception of this lawsuit this date appears to refer to the statute of limitations for the Pennsylvania class under the alternative theory of unjust enrichment, which has a four year statute of limitation in Pennsylvania. 42 Pa. Cons. Stat. § 5525(a)(4). *See* Order dated March 31, 2016 [ECF No. 41 at 9] ("At the hearing March 9, 2016, counsel admitted on the record that Lare's claims under these[FLSA, PMWA or WPCL] *statutes* are barred by the statute of limitations.") (emphasis added). Plaintiff asserts four claims in her Complaint. Count I alleges a violation of the FLSA (on behalf of the FLSA Class); Count II alleges a violation of the PMWA (on behalf of the Pennsylvania Class); Count III alleges a violation of the WPCL (on behalf of the Pennsylvania Class); and Count IV alleges a claim for unjust enrichment (on behalf of the Pennsylvania Class).

IT IS FURTHER ORDERED THAT Discovery in this matter shall close **September 30, 2016.**

IT IS FURTHER ORDERED THAT a status conference is scheduled for **August 30, 2016 at 1:00 p.m.**

                                                               /s/ *Robert C. Mitchell*

                                                               ROBERT C. MITCHELL
                                                               United States Magistrate Judge

cc: record counsel